In re Marcea A. PETERSON, Debtor.

HOUSEHOLD CREDIT SERVICES,
INC., Plaintiff,

v.

Marcea Allaine PETERSON, Defendant.

Bankruptcy No. 95–00233–W.
Adv. No. 95–0133–W.

United States Bankruptcy Court,
N.D. Oklahoma.

May 26, 1995.

Robert S. Cooper, Rochester, NY, for plaintiff.

A. Craig Abrahamson, Tulsa, OK, for defendant.

### ORDER DENYING MOTION TO DISMISS

MICKEY DAN WILSON, Chief Judge.

On April 19, 1995, plaintiff Household Credit Services, Inc. ("HCS") filed its complaint commencing this adversary proceeding against defendant Marcea Allaine Peterson ("Peterson"). In its complaint, HCS seeks an exception to discharge under 11 U.S.C. § 523(a)(2)(A) for a debt of $8,343.45 in credit card charges. The complaint asserts and alleges that when Peterson used her credit card to incur debt, she "impliedly represented that she had the ability to repay said debt," complaint p. 2 ¶ 8, when in fact she had neither the ability to repay nor the intention of repaying it, *id.* ¶ 9.

With the complaint, HCS' attorney filed his "Application to Appear Pro Hac Vice" and submitted a proposed "Order Admitting Counsel Pro Hac Vice," which this Court issued the next day.

On May 3, 1995, Peterson by her attorney filed a "Combined Motion to Dismiss and Brief in Support." Peterson moves to dismiss HCS' complaint for failure to state a claim upon which relief can be granted, pursuant to F.R.Civ.P. 12(b)(6) as adopted by F.R.B.P. 7012(b).

This Court's practice is to dispose of preliminary motions, such as motions to dismiss or for summary judgment, on the motion and response and without oral argument, unless special reason appears from the motion and response to set the matter for hearing. To date, HCS has not responded to Peterson's motion. However, Peterson's motion does not apprise HCS that a response should be filed by any particular date; no

particular response time is specified by F.R.Civ.P. 12 or by this Court's current local rules; and it is possible that HCS' attorney, being unfamiliar with this Court's practices, is awaiting receipt of a notice of hearing. It appears to this Court that the motion to dismiss should not be granted merely "in default" of a response by HCS. The Court proceeds to consider Peterson's motion to dismiss on its merits.

Peterson argues that the complaint fails to state a claim for the following reason(s):

[HCS] alleges that the use of the account was fraudulent because such use was an implied representation that [Peterson] is able to pay the charges incurred when [she] was, in fact not able to pay the charges incurred. Under this theory, other courts have held such credit card use to be non dischargeable [citing, in footnote 1, *In re Dougherty* [*Dougherty*], 84 B.R. 653 (BAP 9th Circ.1988) ], but this theory is flawed ...

... § 523(a)(2)(A) does not apply to alleged false representations respecting a debtor's financial condition. Use of a false statement regarding one's financial condition can be the basis of an exception to discharge, but that is governed by ... § 523(a)(2)(B), and it is necessary that the statement be in writing.

... [HCS] does not allege that [Peterson] ever expressly misrepresented her financial condition.

[HCS] relies solely on a fiction, i.e. use of the credit account which [HCS] issued and approved *implies* a representation of some sort. [HCS] desires the result of this implied fiction to be a denial of [Peterson's] discharge. This is contrary to the very purpose of the Bankruptcy Code which is to afford a debtor a fresh start.

... [T]his theory has been expressly rejected in this District. *Norwest Bank, N.A. v. Orndorff,* 162 B.R. 886 (Bky.N.D.Okla.1994),

motion pp. 1–3. The last-cited case is *In re Orndorff; Norwest Bank, N.A. v. Orndorff* ("*Orndorff*"), per Covey, J.

■ For purposes of ruling on a motion to dismiss for failure to state a claim, facts pleaded in the complaint are taken as true, and reasonable inferences are made in favor of the non-moving party, 2A *Moore's Federal Practice* (2d ed. 1995) ¶ 12.07[2.—5] p. 12–84. In her motion to dismiss, Peterson in effect posits that she did incur credit card debts which she had neither ability nor intention to pay. From this presumption arises the reasonable implication that Peterson is a dishonest debtor. For purposes of ruling on Peterson's motion, this Court assumes likewise. The Court emphasizes that, at this early stage in the litigation, it has no real idea of Peterson's abilities or intentions.

■ Further, for purposes of her motion to dismiss, Peterson in effect concedes that her application for, and acceptance and use of, a credit card is or includes an implied representation of her ability and intention to repay the charges made on the card. For purposes of ruling on the motion to dismiss, this Court assumes likewise. Peterson calls such representation an "implied fiction." Such a representation is implied, but it is implied in fact—it is not fictional. It arises from actual circumstances, surrounding and including the behavior of the credit card holder, which make an actual impression of a particular type on the minds of HCS' officers and agents.

■ Peterson argues that statutes such as 11 U.S.C. § 523(a) should be construed in favor of debtors like herself, in conformity with "the purpose of the Bankruptcy Code which is to afford a debtor a fresh start." The purpose of the Bankruptcy Code is not to afford a fresh start to any and every debtor, but only to " 'the honest but unfortunate debtor,' " *Grogan v. Garner,* 498 U.S. 279, 286–287, 111 S.Ct. 654, 659–660, 112 L.Ed.2d 755, 764–765 (1991) quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235 (1934); *In re Manley,* 135 B.R. 137, 147 (B.C., N.D.Okl. 1992). Bankruptcy statutes should be construed and interpreted in such manner as to further both elements of this policy—to afford a fresh start to honest and deserving debtors, and to deny it to dishonest and undeserving ones, *In re McKinney,* 151 B.R. 944, 946 (B.C., N.D.Okl.1993); *In re Turner,* 134 B.R. 646, 659 (B.C., N.D.Okl.1991). For

purposes of this motion, Peterson appears to be a dishonest debtor. There is therefore no reason for this Court to look with special favor on Peterson's version of the meaning of this statute.

11 U.S.C. § 523(a)(2)(A) provides for exception from discharge of debts "obtained by ... false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition*" (emphasis added). According to Peterson, § 523(a)(2)(A) by its terms "does not apply to alleged false representations respecting a debtor's financial condition," motion p. 2; such "alleged false [implied] representations respecting [Peterson's] financial condition" are the basis of HCS' complaint; therefore HCS' complaint fails to state a claim under § 523(a)(2)(A).

■■■ § 523(a)(2)(A) begins by stating that it does except from discharge debts "obtained by ... a false *representation*" (emphasis added). This would include an implied representation such as that alleged by HCS. § 523(a)(2)(A) then makes an exception to itself; and states that it does not apply to "a *statement* respecting the debtor's or an insider's financial condition" (emphasis added). The statute thus distinguishes "representation" (which is excepted from discharge) from "statement" (which is not excepted from discharge). When Peterson says § 523(a)(2)(A) "does not apply to alleged false *representations* respecting a debtor's financial condition," she is in error: by its express terms, § 523(a)(2)(A) does not apply only to alleged false *statements* respecting a debtor's financial condition. HCS rests its complaint on the making of a "representation" (to which § 523(a)(2)(A) would apply), not on the making of a "statement" (to which § 523(a)(2)(A) would not apply). This distinction causes Peterson's argument, that the complaint fails to state a claim under § 523(a)(2)(A), to collapse.

■■■ This distinction is not mere sophistry. Different terms suggest different meanings—and, indeed, the term "representation" does not mean exactly the same thing as "statement." "Representation" includes "statement," but can include other things as well. A "statement" means "a *detailed or*

*explicit* communication," The Random House College Dictionary (rev. ed., Random House, Inc., 1975) (emphasis added), or "a *formal* written or oral account," The New Shorter Oxford English Dictionary (Clarendon Press: Oxford, 1993) (emphasis added). A "representation" may include "an *implication* or statement," or any "act" which accomplishes "presentation to the mind, as of an idea," The Random House College Dictionary, supra (emphasis added), or even "symbolic action," The New Shorter Oxford English Dictionary, supra. By using these different terms, § 523(a)(2)(A) literally says, and appears to mean, as follows: that it does except from discharge the broad category of fraudulent *representations*, but excepts from the exception only a relatively narrow category of those fraudulent representations which make a particularly formal, detailed and explicit written statement of the debtor's financial condition. Debts of the latter type are removed from the operation of § 523(a)(2)(A); but that does not mean they are discharged. Rather, they are separately excepted from discharge in circumstances specified by § 523(a)(2)(B).

To this extent, this Court declines to follow *Orndorff* and certain cases cited therein, i.e. *In re Senty*, 42 B.R. 456, 459 (B.C., S.D.N.Y. 1984); *In re Blackburn*, 68 B.R. 870, 877 (B.C., N.D.Ind.1987). This Court further notes that *Orndorff* is inconsistent with and implicitly overruled by a later unpublished opinion in *In re Carter: United BankCard v. Carter* (Case No. 93–03838–C, Adv. No. 94–0067–C, "Memorandum Opinion" 6/2/94).

Accordingly, Peterson's "... Motion to Dismiss ..." is denied. Peterson shall answer HCS' complaint within ten (10) days after notice of this order, as provided by F.R.B.P. 7012(a).

AND IT IS SO ORDERED.